UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )     Cr. No. 03-51 S
                                    )
JOHN COLLINS,                       )
                                    )
          Defendant.                )
_____ )
```

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant John Collins's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (See Def.'s Mot. to Vacate Sentence under § 2255 (Armed Career Criminal Act) ("Def.'s Mot. to Vacate"), ECF No. 29.) His motion was filed in the wake of the Supreme Court's decision in Johnson v. United States (Johnson II), 135 S. Ct. 2551, 2557 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e)(2)(B)(ii), for being unconstitutionally vague. Defendant argues that, after Johnson II, he no longer has three qualifying predicate convictions under ACCA, and thus he is serving a sentence longer than that allowed by law. (Def.'s Mot. to Vacate 1-2.) The Government opposes Defendant's motion, arguing that his three prior convictions remain ACCA-qualifiers under the force clause, which defines a violent felony as one that

"has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

For the reasons stated below, the Court holds that assault by an inmate, in violation of R.I. Gen. Laws § 11-25-2, is not a violent felony under ACCA's force clause. The Court will schedule a hearing on Defendant's motion and re-sentencing.

I. Background

On August 11, 2003, Collins pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count I), and possession of an unregistered sawed-off shot gun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count II). Probation prepared a presentence investigation report ("PSR"), which concluded that Collins was an armed career criminal under ACCA with three prior convictions for ACCA-qualifying predicate offenses. (See PSR ¶ 22.) Specifically, Collins had been convicted of (1) second degree murder, in violation of R.I. Gen. Laws § 11-23-1; (2) assault by an inmate, in violation of R.I. Gen. Laws § 11-25-2; and (3) assault on a correctional officer, in violation of R.I. Gen. Laws § 11-5-8. (See id.)

On October 31, 2003, this Court sentenced Collins to 210 months of incarceration on Count I and 120 months on Count II, to be served concurrently. (Judgment 1-2, ECF No. 25.) ACCA provides for a sentence of at least 180 months but not more than

2

life imprisonment for possessing a firearm or ammunition when a person has three prior convictions by any court for violent felonies or serious drug offenses or a combination of both. See 18 U.S.C. § 924(e). In the absence of an ACCA designation, a conviction for being a felon in possession of a firearm carries with it a maximum sentence of 120 months. See 18 U.S.C. § 924(a)(2). Collins has been incarcerated since at least June 2003 (or, more than 13 years). (Def.'s Mot. to Vacate 2, ECF No. 29.) Therefore, if one of Defendant's predicate offenses no longer qualifies as a violent felony under ACCA, Defendant has served a longer sentence than the statutory maximum sentence allowed by law and must be released.

II. Analysis

    A. The Offense: Assault by an Inmate, R.I. Gen. Laws § 11-25-2

To determine whether an offense qualifies as a violent felony, the Court may "look only to the fact of conviction and the statutory definition of the prior offense," which is termed the "categorical approach." Taylor v. United States, 495 U.S. 575, 602 (1990). To satisfy the force clause under the categorical approach, the use, attempted use, or threatened use of violent force must be an element of the prior offense. See Descamps v. United States, 133 S. Ct. 2276, 2293 (2013). If a conviction for the offense is possible without proof of

3

attempted, threatened, or actual use of violent force, then the conviction does not qualify as a violent felony, even if the defendant in fact used, attempted to use, or threatened to use violent force in the commission of the crime. See id. Put differently, the Court looks not to the facts underlying the actual conduct for which a defendant was convicted, but rather the elements of that offense. Mathis v. United States, 136 S. Ct. 2243, 2252 (2016).

The Court must first determine the offense for which Defendant was convicted. See id. at 2256 ("The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means."). When it is not clear on the face of the statute, as here, whether a statute is divisible (meaning the statute describes two or more distinct offenses as opposed to various means by which a single offense can be committed), a court must employ the "modified categorical approach," see Descamps, 133 S. Ct. at 2281, which is described below.

At the time of Defendant's conviction, R.I. Gen. Laws § 11-25-2, entitled "Assault or escape by a custodial unit inmate," stated:

> Every prisoner confined in any custodial unit of the adult correctional institutions or in the custody of the warden or other correctional employee while outside the confines of the institutions or in the custody of the director of mental health, retardation

4

>and hospitals pursuant to the provisions of § 40.1-5.3-1 of the general laws, <u>who shall assault the warden, or other correctional employee of said institution</u>, or shall escape, or attempt to effect an escape, <u>shall be sentenced by the court to a term of imprisonment in the adult correctional institutions for not less than one year nor more than twenty (20) years</u>, except where the original sentence was imprisonment for life, said term to commence from the expiration of the original term of such prisoner.

R.I. Gen. Laws § 11-25-2 (1984) (emphasis added). Deferring to the state-law construction of the offense, it is plain that § 11-25-2 is divisible into the distinct offenses of "assault by an inmate" and "escape by an inmate." See <u>State v. Robalewski</u>, 418 A.2d 817, 819, 826 (R.I. 1980), <u>abrogated on other grounds by</u> <u>Horton v. California</u>, 496 U.S. 128, 151-52 (1990) (affirming convictions for assault by an inmate and escape by an inmate in separate counts; rejecting the argument that an assault under § 11-25-2 merges into an escape under the same statute; and stating that the defendant did not dispute that "assault and escape are distinct offenses"); <u>see also</u> <u>State v. Tregaskis</u>, 540 A.2d 1022, 1023 (R.I. 1988) (analyzing a conviction for escape as a custodial-unit inmate pursuant to R.I. Gen. Laws § 11-25-2 and excluding the language about assault by an inmate).

Under the modified categorical approach, the Court looks to a limited class of documents — so-called <u>Shepard</u>-documents — for the sole purpose of determining a defendant's relevant offense under a divisible statute. <u>Descamps</u>, 133 S. Ct. at 2281. Here,

5

the government has produced Defendant's judgment of conviction and the charging documents, which indicate that Defendant was convicted of "Assault by a maximum custodial inmate." (See United States' Resp. to Pet. under § 2255 Johnson Claim in ACCA Case ("Gov't Resp.") 15, ECF No. 31.)  The Court thus concludes that Defendant was convicted of assault, rather than escape, by a custodial inmate, under R.I. Gen. Laws § 11-25-2.

    B. Whether Assault by an Inmate is a Violent Felony under ACCA

At the time of Defendant's conviction, § 11-25-2 stated in relevant part:  "Every prisoner . . . who shall assault the warden, or other correctional employee of the institution . . . shall be sentenced [to a maximum of 20 years in prison]."  Thus, to be convicted of assault by an inmate, the state must prove that (1) a custodial inmate, as defined by the statute, (2) completed a simple assault (3) upon the warden or other correctional employee.

The Rhode Island Supreme Court has held that the word "assault" in § 11-25-2 "has an established and ordinary definition in the criminal law" and that "[n]othing in § 11-25-2 warrants a departure from that definition, imports ambiguity to the established meaning, or suggests that the Legislature intended that word to receive other than the single and definite meaning it has in the criminal law."  State v. Camerlin, 360

6

A.2d 862, 867 (R.I. 1976); see also Gov't Resp. 3 ("The government assumes arguendo that as used in section 11-25-2, the word 'assault' has the same meaning as the common law definition of simple assault."). At common law, simple assault is defined as an "unlawful attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness." State v. Lomba, 37 A.3d 615, 620 (R.I. 2012) (quoting State v. Pope, 414 A.2d 781, 788 (R.I. 1980)); see also Camerlin, 360 A.2d at 866 (recognizing that jury was properly instructed with the "established and ordinary definition" of "assault" as "any unlawful attempt or offer with force or violence to do a corporal hurt to another"). In Rhode Island, simple assault is a general-intent crime punished as a misdemeanor. R.I. Gen. Laws § 11-5-3 ("[E]very person who shall make an assault or battery or both shall be imprisoned not exceeding one year . . . ."); see State v. Kausel, 68 A.3d 524, 531 (R.I. 2013) (describing simple assault as a "general intent crime") (citing Lomba, 37 A.3d at 620).

This Court recently held that Rhode Island assault with a dangerous weapon (ADW) does not constitute a violent felony under ACCA's force clause. See generally United States v. Sabetta, 00-cr-135-S-PAS, 2016 WL 6157454, at *12 (D.R.I. Oct. 24, 2016). More specifically, the Court held that Rhode Island ADW does not require more than a recklessness mens rea. Id.

7

The reasoning with respect to the mens rea sufficient to satisfy a conviction for ADW applies with the same force to the mens rea required to satisfy a conviction for assault by an inmate. Nothing on the face of the statute or in the case law suggests that the additional elements (namely, that an inmate commit the offense on a correctional officer) alters the mens rea analysis. As such, the Court holds that recklessness is a sufficient mens rea to satisfy a conviction for assault by an inmate, and therefore, does not qualify as a predicate offense under ACCA's force clause. See United States v. Fish, 758 F.3d 1, 16 (1st Cir. 2014) (holding that a crime that only requires proving a recklessness mens rea, i.e., "conduct bereft of an intent to employ force against another[,] falls short of the mens rea required under section 16(b)); see also Sabetta, 2016 WL 6157454, at *7-9 (concluding that an offense that can be committed recklessly does not qualify as a violent felony under ACCA's force clause).

Because the Court concludes that assault by a custodial unit inmate, in violation of R.I. Gen. Laws § 11-25-2, no longer constitutes a violent felony under ACCA, it need not reach the merits of Defendant's motion with respect to second-degree murder or assault on a correctional officer.[1]

---

[1] Since the residual clause was deemed unconstitutional by the Supreme Court, see generally Johnson II, 135 S. Ct. 2551

C. Procedural Default

For the reasons set forth in Sabetta, 2016 WL 6157454, at *10-12, the Court concludes that Defendant has demonstrated both cause and prejudice sufficient to excuse any failure to raise

---

(2015), ACCA and other similarly-worded statutes employing the terms "violent felony" and "crime of violence" now demand some results that border on the absurd. Offenses that may not require the use of violent force, but result in serious injury or death may not fall within ACCA's force clause. See, e.g., United States v. Hernandez-Montes, 831 F.3d 284, 294 (5th Cir. 2016) (holding that Florida second-degree murder is not a crime of violence requiring a sentencing enhancement); United States v. Parnell, 818 F.3d 974, 977-78 (9th Cir. 2016) (holding that Massachusetts armed bank robbery is not a violent felony under ACCA); United States v. Madrid, 805 F.3d 1204, 1207-08 (10th Cir. 2015) (holding that Texas aggravated sexual assault of minor under 14 years old is not a crime of violence for purposes of a sentencing enhancement); United States v. Braun, 801 F.3d 1301, 1307-08 (11th Cir. 2015) (holding that Florida crimes of aggravated battery of a pregnant woman and battery on law enforcement officer are not violent felonies under ACCA). Drug trafficking offenses, however, remain plainly within the ambit of ACCA. See 18 U.S.C. § 924(e)(1) (stating that a person convicted of being a felon in possession of a firearm who "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both" shall be sentenced to a minimum of fifteen years' imprisonment. As a result, the instant Defendant may have a viable argument that, because a second-degree murder conviction in Rhode Island can stand where a parent was convicted of second-degree murder on a felony-murder theory after a child died of starvation as a result of the parent's drug use and consequent severe neglect, see State v. Stewart, 663 A.2d 912, 916 (R.I. 1995), second-degree murder does not properly fall within ACCA's force clause. A three-time drug trafficker, on the other hand, would assuredly face a minimum of fifteen years in prison with a potential for life imprisonment. Given the anomalous, even absurd, and grossly unfair results being generated by post-Johnson II decisions, Congress may wish to consider amending the enumerated offenses clause of ACCA to include those crimes, such as murder, which previously were understood to fall squarely within the residual clause.

these arguments at sentencing or on direct appeal. Accordingly, this motion is not barred by procedural default and Defendant is entitled to relief.

   III. Conclusion

   For the foregoing reasons, the Court holds that Rhode Island assault by an inmate does not constitute a violent felony under ACCA. The Court will schedule a hearing on Defendant's motion to vacate and re-sentencing forthwith.

IT IS SO ORDERED.



William E. Smith
Chief Judge
Date:  November 2, 2016